Miller, J., dissenting.
{¶ 19} The trooper testified he initiated a traffic stop because of his mistake of law regarding the use of bright headlights. But the trooper's subjective mistake of that law is not dispositive of whether the stop was reasonable. "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively , justify the action." (Citations omitted.) Brigham City, Utah v. Stuart , 547 U.S. 398, 404, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) ; Dayton v. Erickson , 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996) (if the traffic stop is objectively reasonable, the officer's subjective motive for making the stop is irrelevant); State v. Salvato , 1st Dist. Hamilton No. C-980939, 1999 WL 636557 (Aug. 13, 1999) ("Whether probable cause to search existed depends on the objective factors articulated by the officer. If the search is objectively reasonable, the officer's stated reason or motive for the search is irrelevant."). Thus our focus should be whether the stop was reasonable under the totality of the circumstances.
{¶ 20} The trooper also testified that the use of the high beams and the vehicle's bouncing within the marked lane "just raised suspicion." He also testified that he viewed her failure to pass him when he slowed to 55 m.p.h. as unusual. Once the trooper did get behind the vehicle, he "continued to follow her just to see if there were any other signs." He indicated these facts were part of the justification for asking the driver to perform a field-sobriety *342 test, and for arresting her. The facts articulated by the trooper, in my mind, demonstrate that he subjectively possessed a reasonable articulable suspicion of impaired driving when he initiated the stop. And regardless of the trooper's thoughts, these facts objectively justify the stop, which is all the Fourth Amendment requires. Accordingly, I respectfully dissent.